IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CALE LAMMERTS,

    Plaintiff,

v.                                                                           Civil Action No. 4:25-cv-00960

AXIS COMMERCIAL, INC.
d/b/a AXIS COMMERCIAL AQUATICS
and GEOFFREY MONDOUX,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CALE LAMMERTS, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS and GEOFFREY MONDOUX (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

**INTRODUCTION**

1.    This is an action by Plaintiff against his employers pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2.    Plaintiff seeks damages pursuant to 29 U.S.C. 216(b), including without limitation, unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

**JURISDICTION**

3.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since

this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, GEOFFREY MONDOUX, resides in Collin County, Texas and Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS maintains its principal place of business in Collin County, Texas.

## THE PARTIES

5. Plaintiff, CALE LAMMERTS, is an individual residing in Smithville, Texas.

6. Plaintiff, CALE LAMMERTS, was employed by Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS from April 4, 2025 through August 13, 2025 as a construction superintendent whose primary duties were to supervise subcontractors and perform construction services in the construction of residential swimming pools.

7. Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS is a corporation formed and existing under the laws of the State of Texas and maintains its principal place of business in Collin County, Texas.

8. Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS is a company that primarily operates as a residential swimming pool contractor and is an employer as defined by 29 U.S.C. § 203(d).

9. Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. Defendant GEOFFREY MONDOUX is an individual residing in Collin County, Texas.

11. During Plaintiff's employment with Defendants, GEOFFREY MONDOUX, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Defendant GEOFFREY MONDOUX personally supervised Plaintiff and determined his rate of pay and job duties. Defendant GEOFFREY MONDOUX was directly responsible for handling and approval of payroll for Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS.

12. At all times material to this complaint, Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this complaint, Defendants employed workers who

handled imported goods, which during their existence, had been shipped to Texas in interstate commerce, *e.g.*, vehicles, building materials, and equipment, that were manufactured outside of the state of Texas.

15. At all times material to this Complaint, Defendants were the employers of Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours, but was never paid the additional half-time premium for each hour over 40 worked in a workweek as required under the FLSA. Specifically, Plaintiff regularly worked an average of 70 or more hours per week.

17. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

18. Defendants had knowledge of and approved such work being performed.

19. Plaintiff did not hold a position that would be considered exempt from the overtime requirements of the FLSA.

20. As a result of Defendants' unlawful conduct, Plaintiff has been damaged.

21. Plaintiff is entitled to actual and compensatory damages, including the

amount of overtime wages which were not paid that should have been paid.

22. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

23. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CALE LAMMERTS, demands Judgment against Defendants, AXIS COMMERCIAL, INC. d/b/a AXIS COMMERCIAL AQUATICS and GEOFFREY MONDOUX, jointly and severally liable, for the following

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, CALE LAMMERTS, demands a jury trial on all issues so triable.

Respectfully submitted this September 2, 2025,

**ROSS SCALISE BEELER AND PILLISCHER LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_/s/ Charles L. Scalise_

**Charles L. Scalise**
Texas Bar No. 24064621

**ATTORNEY FOR PLAINTIFF**